IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES-DONALD RUSSIAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-3198-KHV |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner proceeds pro se and submitted the filing fee.

**Background**

Petitioner filed this action on August 10, 2015, challenging his present incarceration at the Butler County Jail in El Dorado, Kansas.  He presents broad challenges to his confinement, alleging violations of his right to bear arms, failure to provide a speedy trial, denial of due process and equal protection, and failure to allege and prove the commission of a crime.

The court takes judicial notice of the fact that a jury convicted petitioner on June 17, 2015.  USA v. Russian, 14-cr-10018-EFM.  On July 20, 2015, the trial court denied petitioner's motion for acquittal or in the alternative, motion for new trial.

**Analysis**

A federal prisoner typically may pursue relief under 28 U.S.C. § 2241 to "attack[] the execution of a sentence rather than its validity."  Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Ordinarily, a person convicted of federal crimes may challenge that conviction by a direct

appeal or, once an appeal is complete, by resort to a motion filed pursuant to 28 U.S.C. § 2255. A motion under Section 2255 is "generally the exclusive remedy" for a federal prisoner challenging the "legality of detention." Fay v. Maye, 608 Fed. Appx. 667, 2015 WL 3605665, *1 (10th Cir. June 10, 2015) (citation omitted).

A federal prisoner may challenge the legality of a conviction under Section 2241 under limited circumstances established by its so-called "savings clause." Under that provision, a petition under Section 2241 may be used if the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of showing that the remedy under Section 2255 is inadequate or ineffective. Prost v. Anderson, 636 F.3d 578, 583-84 (10th Cir. 2011).

Here, petitioner's claims challenge the validity of his conviction. He does not allege that the statutory remedy under Section 2255 is inadequate or ineffective, nor does it appear that he has sought relief under that provision or by a direct appeal. Accordingly, the court concludes that petitioner is not entitled to proceed under Section 2241 and this matter is dismissed for lack of jurisdiction.

**THEREFORE, IT IS HEREBY ORDERED** that this matter be dismissed.

A copy of this order shall be transmitted to petitioner.

**IT IS SO ORDERED**.

Dated this 1st day of September, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
